UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY CHRISTIAN,<br><br>             Petitioner,<br><br>    vs.<br><br>BUREAU OF PRISONS,<br><br>             Respondent. | CASE NO. CV 11-7227 JAK (RZ)<br><br>MEMORANDUM AND ORDER DENYING HABEAS PETITIONER'S "EMERGENCY MEDICAL CARE MOTION" |

        For the following reasons, the Court will deny Petitioner's August 31, 2011 Emergency Medical Care Motion, and will dismiss this action summarily, without prejudice to his filing of a civil rights action supported by a proper complaint.

        Petitioner Rickey Christian is a federal inmate at Lompoc. He alleges that he is suffering extreme back pain and attaches (unauthenticated) copies of medical records indicating some pathology of the lumbosacral spine. He has moved for an order compelling the Bureau of Prisons to provide him with the following care measures:

    1.    To provide a "dye injected" medical imaging procedure in order to determine the specific extent of nerve and spinal damage. This is known as a "contrast dye MRI."

    2.    To provide anticipated surgery p[u]rsuant to the findings in 1. above.

   3.  As an interim measure, Petitioner requires the issuance of a wheelchair inasmuch as he has low ambulatory functions[.]

   4.  Petitioner also requires an increase in his pain relief medication.

Mtn. at 1.  The Court either cannot grant such relief at this point or, even if it can, will not do so, due to seven largely independent shortcomings in Petitioner's current submission.

   First, Petitioner has invoked the wrong form of action, namely habeas corpus. The principal purpose of the Great Writ is to provide a remedy for prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking either immediate release or a sooner-than-currently-scheduled release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding that habeas petition, not civil rights action, was proper vehicle for seeking restoration of good-time credits). Ordinarily, prisoners suing to challenge prison conditions, including an alleged lack of proper medical care, must file a civil rights action instead.  *See id*. at 499-500.

   Second, Petitioner has filed no pleading – no underlying complaint or habeas petition – upon which he validly might base any motion.

   Third, Petitioner submits no evidence whatsoever, including lay evidence. He includes no declaration or affidavit to support his assertions that he is in great pain due to a back condition.

   Fourth, Petitioner includes no admissible medical evidence of the sort that plainly would be required before the Court could agree that he needs the specific care sought. (As to Petitioner's request #2, the Court doubts that any medical expert could opine, before even reviewing the results of the "contrast dye MRI" demanded in point #1, that the not-yet-reviewed MRI indicated a need for surgery.)  The Court does not doubt Petitioner's pain or his sincerity in believing that he needs these care measures, but Petitioner's lay opinion is insufficient to support the requested relief.

   Fifth, Petitioner admits that his claim is unexhausted.  Under the Prison Litigation Reform Act (PLRA), a prisoner generally may not proceed with a civil rights

action until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner . . . until such administrative remedies as are available have been exhausted."). This rule governs all claims relating to "prison conditions," a term that includes not only general, ongoing conditions but also individual acts of alleged misconduct or neglect. *See Porter v. Nussle*, 534 U.S. 516, 524, 526-32, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Petitioner Christian asserts that his extreme pain makes it impossible for him to wait for responses to his administrative request. "Notwithstanding this emergency motion," he adds, "Petitioner has nevertheless *initiated* that Administrative process," presumably just before filing the motion. Mtn. at 2 (emphasis added). He does not indicate what documents he filed, when he filed them, whether he indicated that his need was urgent, or whether he has received any response.

Sixth, even if Petitioner's submission included a complaint, he states no cognizable claim based on federal law. Prisoners may bring a federal civil rights action when prison officials know of and deliberately disregard a serious medical need. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Here, Petitioner alleges that his back hurts and that, he believes, he needs surgery and other care measures. He does not even allege that he has sought such care from any prison officials and that they have denied the request, let alone with knowing indifference.

Seventh, partly due to the some of the foregoing shortcomings, Petitioner does not satisfy the test for obtaining preliminary injunctive relief. The Supreme Court has clarified that test as follows:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *see generally* FED. R. CIV. P. 65. *Winter* underscored the importance of finding a *likelihood* of irreparable harm to the plaintiff absent the injunction, not the mere *possibility* of such harm, as the Ninth Circuit had suggested might sometimes suffice. *See id.*, 129 S. Ct. at 375-76; *American Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (expressly acknowledging *Winter*'s overruling of Ninth Circuit authority permitting issuance of injunction in some cases in which plaintiff presented less than a "likelihood" of irreparable harm).

Petitioner cannot tip the *Winter* scales to his benefit. First, he fails to show a likelihood of success on the merits. As noted above, he currently states no claim, and his assertion that he needs certain medical care has not been exhausted within the BOP. Second, Petitioner has failed to show a *likelihood* of irreparable harm absent a preliminary injunction. If Petitioner were to prove that prison officials were knowingly indifferent to a true medical need for the care that Petitioner requests, he would have a legal remedy, possibly including damages or injunctive relief. Also, nothing in the current motion indicates that Petitioner's chronic pain has suddenly and dramatically increased so as to merit emergency, *ex parte* relief. Thus, while the Court in no way doubts Petitioner's pain, the present sparse motion is insufficient to show a likelihood of his success on the merits.

Third and fourth, the Court cannot assess whether the balance of equities or the public interest favors Petitioner's motion. It is possible that the fourth *Winter* element is to be given weight only in cases, such as *Winter* itself, in which one or both sides claim that "the public interest" favors issuance or non-issuance of an injunction. *See California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 849 (9th Cir. 2009) (appearing to limit applicability of "public interest" prong of *Winter* to those cases "in which the public interest is involved"). In any event, the Court has not weighed these third and fourth factors against Petitioner's motion. The motion still falls short.

  For the foregoing reasons, Petitioner's motion is DENIED. This action is summarily DISMISSED WITHOUT PREJUDICE to Petitioner's filing of a new action seeking civil rights relief rather than habeas corpus.

  IT IS SO ORDERED.

  DATED: September 2, 2011

        JOHN A. KRONSTADT
       UNITED STATES DISTRICT JUDGE